**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES ) | |
| ) | No. 21 CR 345 |
| v. ) | |
| ) | Judge John Z. Lee |
| TIMOTHY MAPES ) | |
| ) | |

## TIM MAPES' MOTION FOR PRODUCTION OF IMMEDIATE PRODUCTION OF POTENTIAL *BRADY* AND *GIGLIO* MATERIAL

Despite Mr. Mapes' requests, the government has refused to identify or produce important material critical to Mr. Mapes' defense, and instead has indicated that such material will be provided to Mr. Mapes on the eve of trial. Such delay will not allow Mr. Mapes a full and fair opportunity to consider the evidence or to prepare his defense for trial. Therefore, Mr. Mapes requests that the government immediately produce all *Brady* and *Giglio* material—including all material that discusses Michael Madigan, Michael McClain, or Mr. Mapes.

Relatedly, the government has expressed its intent to produce § 3500 material three weeks before the trial—currently scheduled for January 16, 2023. That would make production on December 26, 2022. That is too short a time period. Mr. Mapes requests receipt of § 3500 material no less than six weeks before trial.

**I.      Background**

One of the central issues in the indictment brought against Mr. Mapes is the government's interest in Mr. Mapes' knowledge and understanding of the relationship between Mr. Madigan and Mr. McClain and their communications with each other. In response to vague and fairly generic questions in the grand jury, Mr. Mapes testified truthfully about his understanding of how both men conducted themselves. Now, Mr. Mapes seeks discovery to which he is entitled concerning

1

all material discussing Mr. Madigan, Mr. McClain, or himself. That material will likely establish that others believed that Mr. Madigan kept information close to the vest, that Mr. Madigan kept private conversations with others private, and that Mr. McClain often talked mysteriously, cryptically, and oddly—including about and when referring to Madigan.

The government has produced an enormous amount of material in this case, and Mapes appreciates the transparency in which the government has done so. There remains an extraordinary amount of discovery to get through that has been produced by the government. Nevertheless, the government has not produced hardly any discovery that post-dates April 2021, despite the fact that the government has clearly talked with numerous witnesses as part of its investigation since that time. Disappointingly, in recent meet and confer sessions, the government has indicated it does not intend to produce the requested material concerning Madigan, McClain, or Mapes himself until the eve of trial. Mapes is left with no choice but to file this motion.

**II.     Argument**

**A.  *Brady/Giglio* Material Should be Produced Immediately.**

*Brady* requires the United States to produce to a defendant any exculpatory evidence material to defendant's guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The United States must also produce all information that may be used to impeach government witnesses. *Giglio v. United States*, 405 U.S. 150 (1972). These principles require prompt production of *Brady/Giglio* material to allow effective preparation of the defense's case. *See United States v. Valles*, 135 F.R.D. 182, 184 (N.D.Ill. 1991) (government has "continuing obligation to provide exculpatory evidence to the defendant as it becomes known"); *United States v. Andrews,* 824 F. Supp. 1273, 1288 (N.D.Ill. 1993) (discussing responsibility "to promptly provide favorable evidence to the defense"); *see also United States v. Pollack*, 534 F.2d 964, 973

(D.C. Cir. 1976) (*Brady* material production necessary "at such time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case").

All of the witnesses with whom the government has spoken about Madigan or McClain or Mapes contain potentially exculpatory *Brady* material that must be produced immediately. To the extent that witnesses have discussed their dealings with or communications with or about Madigan or McClain, those materials will likely corroborate Mr. Mapes' defense that Mr. Madigan kept things to himself, spoke as little as possible to others, kept private conversations private, and that Mr. McClain often spoke mysteriously, cryptically, and oddly. Further, to the extent the government has talked to witnesses during this investigation and *has not* asked witnesses about Mr. Mapes' knowledge and understanding of the relationship between Mr. Madigan and Mr. McClain; communications between Mr. Madigan and Mr. McClain; how Mr. Madigan communicated with others; or how Mr. McClain communicated with others, the lack of such inquiry would also be exculpatory because it would reflect on the materiality of the grand jury inquiry of Mr. Mapes on those topics. *See United States v. Martellano*, 675 F.2d 940, 942 (7th Cir. 1982) (reversing perjury conviction because "[t]here is no crime of false swearing before a grand jury unless the defendant's answer about a *material* fact was knowingly false.") (emphasis added).

The government has provided no basis for withholding these materials from Mr. Mapes until the eve of trial. If the government has evidence that will aid Mr. Mapes in his defense or will help Mr. Mapes to impeach witnesses at trial, that evidence should be produced immediately.

### B. § 3500 Material Should be Produced At least Six Weeks Before Trial.

The government's expressed intent is to produce § 3500 material on December 26, 2022—three weeks before trial. Producing such material immediately before trial during the Christmas holidays not only negatively impacts the public servants who will be gathering that material, it

3

prejudices Mr. Mapes and his counsel's ability to prepare adequately for trial over the holidays. Moreover, the government has estimated this trial will take approximately two weeks. That estimate necessarily supposes that the government will call multiple witnesses to testify and that a significant amount of § 3500 material will be produced.

 Therefore, in the interests of justice, Mr. Mapes requests that § 3500 material be produced at least six weeks before trial.

Dated: April 1, 2022        Respectfully submitted,

                /s/ Andrew C. Porter
                Andrew C. Porter
                Katie Hill
                Sarah L. Bakker
                SALVATORE PRESCOTT PORTER & PORTER
                1010 Davis St.
                Evanston, IL 60201
                aporter@sppplaw.com
                hill@sppplaw.com
                bakker@sppplaw.com
                (312) 283-5711

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 1, 2022, I caused copies of the foregoing to be served on all counsel of record by filing electronic copies with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users.

                                              */s/ Andrew C. Porter*
                                              One of the Attorneys for Timothy Mapes