UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | No. 21 CR 345 |
| v. | ) | |
| | ) | Judge John Kness |
| TIMOTHY MAPES | ) | |
| | ) | |

**TIM MAPES' MOTION IN LIMINE TO BAR EVIDENCE RELATED TO A LAND TRANSFER REGARDING "CHINATOWN" PROPERTY**

In its proposed witness list, the Government has recently identified multiple witnesses who presumably will testify about their knowledge of a proposed land transfer bill concerning property in the "Chinatown" area of Chicago. None of the witnesses identified by the Government have indicated that they had any illicit communications or contact with Mr. Mapes about the proposed legislation—which ultimately was never passed. The Government has also recently indicated a desire to present to the jury the handful of questions to and answers by Mr. Mapes in the grand jury about the proposed "Chinatown" legislation in which he essentially said that he did not recall having discussions about the legislation with Michael McClain. As it turns out, there would have been little reason for Mr. Mapes to have such recall—given that the only evidence the Government has proffered concerning this episode is a one line hearsay statement made by McClain to Mr. Mapes on May 30, 2018 that Mr. Mapes did not adopt.[1] Even if that very thin reed were sufficient to proceed to the jury, another problem infects the Government's 11th hour attempt to present evidence to the jury concerning the "Chinatown" land transfer legislation. The "Chinatown" episode was not a basis for the indictment against Mr. Mapes. Therefore, the Government's attempt

---

[1] That conversation is the basis of a motion in limine filed by Mr. Mapes contemporaneous with this motion concerning various recordings the Government seeks to play at trial. The recording at issue is identified as Exhibit 17 by the government and is referenced on pages 14 and 15 of Mr. Mapes' motion in limine.

1

to constructively amend the Indictment should be denied. *See, e.g. United States v. Sakoc*, 115 F.Supp.3d 475 (D.Vt. 2015) (new trial where government's reference to alleged false statements not referred to in indictment constituted prejudicial variance), *see also United States v. Stirone*, 361 U.S. 212 (1960) (finding constructive amendment of indictment at trial).

Count One of the Indictment lists various questions and answers the Government contends to be perjurious. But the question and answer sequence between the prosecutor and Mr. Mapes concerning the "Chinatown" property is not among the seven question and answer sequences listed in Count 1, paragraph 8. Nor is the "Chinatown" property referenced in any way in Count 2. That Count discusses Public Officials A, B, and C, and Individual A and Individual B. None are Representative Theresa Mah—the state legislator whose district contains the "Chinatown" property. Nor does Count 2 reference the "Chinatown" legislation in any way. Instead, the only additional facts discussed in Count 2 deal with Commonwealth Edison:

> The Special January 2019 Grand Jury was investigating allegations Public Official A and Individual B sought to obtain for others private jobs, contracts, and monetary payments from ComEd, in order to influence and reward Public Official A in connection with Public Official A's role as Speaker of the Illinois House of Representatives.

The Government has acknowledged that the "Chinatown" legislation has nothing to do with seeking to obtain "jobs, contracts, and monetary payments from ComEd." Therefore, the "Chinatown" property legislation has nothing to do with this Indictment and evidence of it should be excluded.

When the Government indicated a continued desire to elicit testimony about the "Chinatown" legislation, defense counsel asked (as part of the meet and confer process) for grand jury information that might establish that the grand jury did, in fact, base its decision to indict Mr. Mapes in part on the "Chinatown" property testimony. The Government declined to provide such information.

WHEREFORE, Mr. Mapes respectfully requests that the Government be barred in its case-in-chief from introducing evidence through witnesses or exhibits concerning the "Chinatown" property legislation, or, in the alternative, as a partial step, be ordered to produce all grand jury argument and deliberation concerning the Mapes indictment to determine whether the "Chinatown" legislation was considered by the grand jury as part of its consideration of the Mapes indictment.

Dated: June 23, 2023                                Respectfully submitted,

/s/ Andrew C. Porter
Andrew C. Porter
Katie Hill
Sarah L. Bakker
SALVATORE PRESCOTT PORTER & PORTER
1010 Davis St.
Evanston, IL 60201
porter@spplaw.com
(312) 283-5711

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 23, 2023, I caused copies of the foregoing to be served on all counsel of record by filing electronic copies with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users.

                                              */s/ Andrew C. Porter*
                                              One of the Attorneys for Timothy Mapes