UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 21 CR 345 |
| v. | |
| TIMOTHY MAPES | Hon. John F. Kness |

### JOINT PRETRIAL SUBMISSION

The parties respectfully submit the following joint pretrial submission, which includes: (1) proposed statement of the case; (2) proposed jury questionnaire; and (3) proposed jury instructions.

Respectfully submitted.

MORRIS PASQUAL
Acting United States Attorney

By:    /s/ *Julia K. Schwartz*
DIANE MacARTHUR
JULIA K. SCHWARTZ
Assistant U.S. Attorneys
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604


*Counsel for Defendant Timothy Mapes*

*/s/ Andrew C. Porter*
Andrew C. Porter
Kathleen Hill
SALVATORE PRESCOTT PORTER &
PORTER
1010 Davis St.
Evanston, IL 60201
porter@sppplaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 21 CR 345 |
| v. | |
| TIMOTHY MAPES | Hon. John F. Kness |

## **PROPOSED VOIR DIRE QUESTIONS**

The parties respectfully submit the following proposed jury questionnaire. The parties are generally in agreement concerning the jury questionnaire, with the exception of the insertions that are in **red font**, which are defense proposals to which the government objects.

## **Proposed Letter to Jurors**

Dear Prospective Juror:

Welcome to the United States District Court for the Northern District of Illinois. Our system of justice depends on fair and impartial juries, and I thank you for your willingness to serve.

This is a criminal case. The defendant is Timothy Mapes. The Government has charged the defendant with perjury and attempted obstruction of justice. The defendant is presumed to be innocent of these charges and has pleaded not guilty on both counts. It is important that you refrain from speaking about this case to any person or attempting to learn more about it. Please do not research or seek to obtain information about this case or about any fact related to the case from any outside source until the trial is complete or you are dismissed from the jury pool. This includes looking up this case or any fact related to the case in the news, listening to reports on television, radio, or the internet, or reading or posting about information regarding it on social media.

It is hard to predict how long a trial will last, but we estimate that this trial will take two to three weeks. As part of the process of jury selection, please fill out and answer the questions in the attached form (both sides). Although space is limited, please do your best to give complete answers. Write legibly so that I and the lawyers in the case can read your answers. Because your answers will be used in the process of jury selection, it is very important for you to be truthful and accurate in answering the questions. I will ask you some additional questions in the courtroom.

The questionnaires will not be made part of the public record and are confidentially reviewed by only myself, my staff, and the attorneys on the case. If these questions do not cover something that, in your judgment, could (or would) adversely affect your ability to serve as a juror in this case, you should bring the matter to my attention before the questioning process ends. Honesty and candor are crucial to selecting a fair and impartial jury.

## **Questionnaire**

1. Your full name <u>and</u> age: _____

2. List all cities in which you've lived for the past ten years. (If in Chicago, please list the neighborhood, e.g., Woodlawn, Rogers Park.) Do you currently rent or own? _____

3. How long have you lived in Northern Illinois or Chicago: _____

4. Your highest level of education / degrees / where obtained: _____
_____

5. Your job information for the past 10 years, including the name and type of business or employer; what city or village it is or was located in; what are or were your job duties; do you / did you supervise others: _____
_____

6. If married, your spouse's current job information:_____

7. The current job information of any other adult who lives with you (e.g., parents):_____

8. If you have children, their ages and current job information (if any):_____
_____

9. Your major hobbies or interests, including what materials you like to read (if any):_____

10. Where (if anywhere) do you get your news?_____
_____

11. What television programs, if any, do you regularly watch?_____
_____

12. What organizations do you belong to or participate in?_____

13. How politically active are you? Please explain._____
_____

14. Have you ever been employed by either the state, local, or federal government? Please explain._____
_____

15. Have you or a close friend or family ever run for political office or worked on a political campaign?_____
_____

16. Have you ever served as a juror before, including a grand jury? _____

17. If you have served on a jury before, were you the foreperson? _____

18. If you served on a jury, did you reach a verdict. (Please do not share the verdict.) _____ ____

19. Have you, your spouse, or a close family member or close friend ever been investigated, charged, arrested, or convicted of a crime, other than a routine traffic offense (though I do need to know about driving under the influence charges). By "close family member" or "close friend" I mean someone with whom you regularly communicate. If yes, please describe the circumstances._

    _____

20. Have you, your spouse, or a close family member or close friend ever been a victim if a crime? If so, please indicate when and describe the kind of case or cases involved?_____

21. Have you, your spouse, or a close family member or close friend ever worked for (or applied for a position with) a law enforcement agency, like a police department? If yes, please list the relationship and what position:_____

    _____

22. Have you, your spouse, or a close family member or close friend had a strongly negative or strongly positive experience with law enforcement? If yes, please describe the circumstances. _____

    _____

23. Have you, a family member, or close friend worked in the legal profession, such as in the role of a paralegal, lawyer, judge or courtroom staff? If Yes, please explain: _____ _____

24. Have you, a family member, or close friend ever been a party in a civil lawsuit? If Yes, please explain: _____

    _____

25. Have you had any experiences (good or bad), or do you have feelings (good or bad) regarding judges, the judicial system, prosecutors, or defense attorneys that would affect your ability to be a fair juror? If Yes, please explain: _____

    _____

26. This case involves the Illinois state legislature, the Democratic Party of Illinois, and the Speaker of the Illinois House of Representatives Michael J. Madigan. Is there anything about this that would prevent you from being a fair and impartial juror? If Yes, please explain._____

    _____

27. You likely will hear testimony involving the Federal Bureau of Investigation and the U.S. Attorney's Office. Do you have any positive or negative experiences with, or strong feelings about, those entities that would prevent you from being fair and impartial in this case? Have you ever been investigated

by any of those entities?_____

_____

28.    There may be evidence in this case consisting of recordings of conversations taking place over telephones or in person through the use of electronic devices, including those commonly known as "wiretaps." Before received in evidence, the Court will have ruled that this evidence is lawfully before you and you may give it the weight you deem appropriate. Do you have any preconceptions about the obtaining or the use of such evidence that might prevent you from fairly considering it at trial?_____

_____

29.    Do you hold any religious, philosophical, moral, or other beliefs that would prevent you from sitting in judgment of another person?_____

_____

30.    A person accused of a crime does not have to testify in his defense and a decision not to testify may not be used against the defendant in any way. Understanding that this is the law, would you be able to follow this principle of the law? If No, please explain: _____

_____

31.    A defendant is presumed innocent throughout the trial. **The only way** to overcome the presumption of innocence, **is if** the government [**must**] prove**s** the defendant's guilt beyond a reasonable doubt. Understanding these principles of the law, will you be able to be a fair juror of this case? If No, please explain:_____

32.    A defendant is not required to present any evidence on his or her own behalf to establish his or her innocence. Are you confident that you will be able to follow this principle of law? If No, please explain: _____

_____

**33.**    **Do you believe that because a person has been indicted for a criminal offense that he must have done something illegal or he would not have been charged?**_____

34.    Mr. Mapes is charged with perjury and attempted obstruction of justice. Is there anything about the nature of the charges that might affect your ability to evaluate the evidence fairly and impartially and render a fair verdict in this case?

35.    You must apply the law that the Judge presents to you to the facts presented. You must follow Judge Kness's instructions even if you disagree with them. Would you be able to follow the Court's instructions even if you personally disagree with them? If No, please explain. _____

_____

36.    This trial is scheduled to finish no later than August 25, 2023. Bearing in mind the importance of jury service, and bearing in mind that there may be other trials being picked that would last even longer, is there anything about your schedule that would seriously prevent you from serving as a juror?_____

_____

37.    Is there anything else that we have not asked or discussed that could prevent you from serving as a fair and impartial juror in this case?_____

_____

38.    The persons listed on the next page may be involved or mentioned at trial. Do you, a family member, or a close friend personally know any of these persons?\_

_____

1. Asauskas, Lori
2. AT&T Representative
3. Bakker, Sarah
4. Basham, Jessica
5. Bhachu, Amar
6. Baugher, Mika
7. Bourne, Avery
8. Brown, Steve
9. Burgos, April
10. ComEd/ Exelon Representative
11. Connolly, Jim
12. Cousineau, Will
13. Cox, Justin
14. Curry, Julie
15. Cullen, Tom
16. Ellis, David
17. Filan, William
18. Flynn Currie, Barbara
19. Hanner, Brad, FBI
20. Harris, Greg
21. Hill, Kathleen
22. Hodapp, David
23. Illinois General Assembly, Office of the Speaker Representative
24. Illinois Secretary of State Representative
25. Jarmer, Mark
26. Karner, Lynn
27. Kimme, Nancy
28. Lang, Lou
29. MacArthur, Diane
30. Madigan, Michael
31. Mah, Theresa
32. Mapes, Corbin
33. Mapes, Devin
34. Mapes, Timothy
35. McBride, Dawn
36. McCarthy, Kevin
37. McClain, Michael
38. McCreery, Ryan
39. McDermott, Eileen
40. McDonald, Ryan
41. McSweeney, Dave
42. Morris, Tracie
43. Morrissey, Mary
44. Moser, George
45. Nelson, Sarah
46. O'Leary, Brendan
47. Panayotovich, Sam
48. Parker, Keisha
49. Porter, Andrew
50. Rains, Bronwyn
51. Rita, Robert
52. Scherrer, Kyle
53. Schwartz, Julia
54. Selcke, Stephen
55. Sente, Carol
56. Shapiro, Gary
57. Ted McNamara
58. Thomson, Mike
59. Ward, Frances
60. Wier Vaught, Heather
61. Willert, Craig
62. Wurth, Emily
63. Uhe, Robert

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

TIMOTHY MAPES

No. 21 CR 345

Hon. John F. Kness

## PROPOSED STATEMENT OF THE CASE

The parties respectfully submit the following proposed statements of the case.

The government respectfully submits the following statement of the case for presentation to the venire:

> The indictment in this case alleges that on or about March 31, 2021, defendant Timothy Mapes appeared before a federal grand jury in the Northern District of Illinois and committed two crimes. First, the indictment alleges that defendant Mapes testified under oath before the grand jury and knowingly made false material declarations during his testimony. Second, the indictment alleges that defendant Mapes attempted to corruptly obstruct, influence, and impede a federal grand jury investigation.

> Defendant Mapes has denied that he is guilty.

The defendant respectfully submits the following statement of the case for presentation to the venire:

> The indictment in this case alleges that on or about March 31, 2021, defendant Timothy Mapes appeared before a federal grand jury in the Northern District of Illinois and committed two crimes. First, the indictment alleges that defendant Mapes testified under oath before the grand jury and knowingly and willfully made false material declarations during his testimony. Second, the indictment alleges that defendant Mapes attempted to corruptly obstruct, influence, and impede a federal grand jury investigation.

Defendant Mapes has pled not guilty and is presumed innocent of both charges unless proven guilty of each charge beyond a reasonable doubt.

The government objects to defendant's insertion of the word "willfully" in the first paragraph of the proposed statement of the case and to the insertion of the burden of proof, as the jury will be instructed as to the government's burden elsewhere in the preliminary and final jury instructions.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | No. 21 CR 345 |
| v. | |
| | Hon. John F. Kness |
| TIMOTHY MAPES | |

## **<u>PROPOSED JURY INSTRUCTIONS</u>**

The parties respectfully submit the following proposed jury instructions. The parties are in agreement concerning the jury instructions, with the exception of the insertions that are in **<u>red font</u>**, which are defense proposals to which the government objects. Either party may ask the Court for permission to supplement this submission as appropriate.

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. [Each of you has a copy of these instructions to use in the jury room.] You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

GOVERNMENT INSTRUCTION NO. 1
Bauer Pattern Instructions 1.01

2

The charges against the defendant are in a document called an indictment. [You will have a copy of the indictment during your deliberations.]

The indictment in this case charges that the defendant committed the crimes of perjury and attempted obstruction of justice. The defendant has pled not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crimes he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

GOVERNMENT INSTRUCTION NO. 2
Bauer Pattern Instructions 1.02 (modified)

3

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

A defendant is never required to prove his innocence. He is not required to produce any evidence at all.

GOVERNMENT INSTRUCTION NO. 3
Bauer Pattern Instructions 1.03

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the internet, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he or she thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

GOVERNMENT INSTRUCTION NO. 4
Bauer Pattern Instructions 2.01

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

GOVERNMENT INSTRUCTION NO. 5
Bauer Pattern Instructions 2.02

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

GOVERNMENT INSTRUCTION NO. 6
Bauer Pattern Instructions 2.03

7

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

[You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.]

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

GOVERNMENT INSTRUCTION NO. 7
Bauer Pattern Instructions 2.04

[A defendant has an absolute right not to testify [or present evidence]. You may not consider in any way the fact that the defendant did not testify [or present evidence]. You should not even discuss it in your deliberations.]

GOVERNMENT INSTRUCTION NO. 8
Bauer Pattern Instructions 2.05 (2022 updates)

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony [including that of the defendant]. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- [the age of the witness;]

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent [or consistent] statements or conduct by the witness.

GOVERNMENT INSTRUCTION NO. 9
Bauer Pattern Instructions 3.01

[It is proper for an attorney to interview any witness in preparation for trial.]

GOVERNMENT INSTRUCTION NO. 10
Bauer Pattern Instructions 3.02

[You have heard evidence that before the trial, witnesses made statements that may be inconsistent with their testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a witness' testimony was here in court. [If an earlier statement was made under oath, then you can also consider the earlier statement as evidence of the truth of whatever the witness said in the earlier statement.]]

GOVERNMENT INSTRUCTION NO. 11
Bauer Pattern Instructions 3.03

[You have heard evidence that before the trial, the defendant made [a] statement[s] that may be inconsistent with his testimony here in court. You may consider an inconsistent statement by the defendant made before the trial to help you decide how believable the defendant's testimony was here in court, and also as evidence of the truth of whatever the defendant said in the earlier statement.]

GOVERNMENT INSTRUCTION NO. 12
Bauer Pattern Instructions 3.04

[You have heard testimony from a witness[es] [name(s) of witness(es)] who was [were] promised, received, or expected a benefit in return for their testimony or cooperation with the government.

You may give this witness's testimony whatever weight you believe is appropriate, keeping in mind that you must consider that testimony with caution and great care.]

GOVERNMENT INSTRUCTION NO. 13
Bauer Pattern Instructions 3.05

14

[You have heard a witness, namely, Dawn McBride, who gave opinions and testimony about memory. You do not have to accept this witness's opinions or testimony. You should judge this witness's opinions and testimony the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider the witness's qualifications, how she reached her [opinions; conclusions], and the factors I have described for determining the believability of testimony.]

GOVERNMENT INSTRUCTION NO. 14
Bauer Pattern Instructions 3.13

You have heard recorded conversations. This is proper evidence that you should consider together with and in the same way you consider the other evidence.

You were also given transcripts of the conversations to help you follow the recordings as you listened to them. The recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.

I am providing you with the recordings and a device with instructions on its use. It is up to you to decide whether to listen to a recording during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

[If, during your deliberations, you wish to have another opportunity to view any transcripts [as you listen to a recording], send a written message to the court security officer, and I will provide you with the transcripts.]

GOVERNMENT INSTRUCTION NO. 15
Bauer Pattern Instructions 3.14

16

Certain summaries and charts were admitted in evidence. You may use those summaries and charts as evidence [even though the underlying [documents; evidence] are not here].

GOVERNMENT INSTRUCTION NO. 16
Bauer Pattern Instructions 3.16 (modified)

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

GOVERNMENT INSTRUCTION NO. 17
Bauer Pattern Instructions 3.18

[During this trial, you have been shown documents that contain redactions, meaning that some words, numbers, or images in those documents are not visible. Documents are redacted for a number of a reasons that have nothing to do with the merits of the case. You should not draw any inferences or conclusions from the fact that a document contains redactions.]

GOVERNMENT INSTRUCTION NO. 18

Count One of the indictment charges the defendant with perjury. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant, while under oath, testified falsely before a United States grand jury; and

2. The defendant's testimony concerned a material matter; and

3. The defendant knew the testimony was false. Mistake, confusion, or faulty memory does not constitute knowledge that the testimony was false.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to Count One, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these elements beyond a reasonable doubt as to Count One, then you should find the defendant not guilty of that charge.

GOVERNMENT INSTRUCTION NO. 19
Bauer Pattern Instructions 4.01 (modified) and page 750 (instruction for 18 U.S.C. § 1623).

20

Testimony concerns a material matter if it is capable of impeding, interfering with or influencing the grand jury. The government is not required to prove that the testimony actually impeded, interfered with, or influenced the grand jury.

GOVERNMENT INSTRUCTION NO. 20
Bauer Pattern Instructions, page 752 (instruction for 18 U.S.C. § 1623)

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.

In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

GOVERNMENT INSTRUCTION NO. 21
Bauer Pattern Instructions 4.10 (modified) & page 750 (instruction for 18 U.S.C. § 1623)

If the defendant acted in good faith, then he lacked the willfulness required to prove the offense of perjury charged in Count One. A defendant acted in good faith if, at the time, he honestly believed the truthfulness of the testimony that the government has charged as being false.

A defendant does not have to prove his good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted willfully as charged in Count One.

DEFENSE INSTRUCTION NO. 1
Bauer Pattern Instruction 6.10; *see also United States v. Fawley,* 137 F.3d 458, 463 (7th Cir. 1998) (perjury is "the willful intent to provide false testimony"); *United States v. Hickok*, 77 F.3d 992, 1006-07 (7th Cir. 1996).

23

In determining whether an answer to a question is false, you should consider the sequence of questions in which the question and answer occurred as an aid to understanding the defendant's intent when giving the answer.

**The ideal is for the use of precise questions as a predicate for perjury. A question that is fundamentally ambiguous cannot form the basis of a finding of falsity. In considering the perjury charge in count one, you should consider whether the questioner has asked the critical question and whether the questioner has pressed for an unequivocal answer.**

GOVERNMENT INSTRUCTION NO. 22
Bauer Pattern Instructions, page 754 (instruction for 18 U.S.C. § 1623)

**DEFENSE INSTRUCTION NO. 2 (proposed modifications to GOV. INST. 22)** *Bronston v. United States,* **409 U.S. 352 (1973);** *United States v. Brown,* **843 F.3d 738 (7th Cir. 2016);** *United States v. Martellano,* **675 F.2d 940, 943 (7th Cir. 1982);** *United States v. Laiken,* **583 F.2d 968, 971 (7th Cir. 1978).**

24

Count One charges the defendant with perjury, by making more than one false declaration before the grand jury. Each alleged false declaration is set forth in a separate subparagraph within Count One. The government is not required to prove that the defendant made every one of the false statements alleged in Count One. However, the government is required to prove that the defendant made at least one of the false statements that is alleged in Count One. To find that the government has proven this **beyond a reasonable doubt**, you must agree unanimously on whether the defendant made a particular false statement, as well as all of the other elements of the crime charged.

For example, if some of you were to find that the government has proved beyond a reasonable doubt that the defendant made a false statement regarding whether defendant knew that McClain was doing work or assignments for Madigan after 2016 (alleged in subparagraph 8[4] of Count One), and others of you were to find that the government has proved beyond a reasonable doubt that the defendant made a false statement about whether he knew that McClain acted as a messenger for Madigan from 2017 to 2018 (alleged in subparagraph 8[7] of Count One), then there would be no unanimous agreement on whether the government has proved **beyond a reasonable doubt** that defendant made a particular false statement. On the other hand, if all of you were to find that the government has proved beyond a reasonable doubt that the defendant made a false statement regarding whether defendant knew that McClain was doing work or assignments for Madigan after 2016, then there would be a unanimous agreement on which false statement the government proved.

25

GOVERNMENT INSTRUCTION NO. 23
Bauer Pattern Instructions 4.04 (modified) **(with proposed defense modifications)**

Count Two of the indictment charges the defendant with attempted obstruction of justice. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. The defendant attempted to obstruct, influence, or impede any official proceeding; and

2. The defendant acted corruptly.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt as to Count Two, then you should find the defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove one or more of these elements beyond a reasonable doubt as to Count Two, then you should find the defendant not guilty of that charge.

GOVERNMENT INSTRUCTION NO. 24
Bauer Pattern Instructions 4.01 (modified) and page 715 (instruction for 18 U.S.C. § 1512(c)(2))

27

A person attempts to commit an offense if he (1) knowingly takes a substantial step toward committing that offense, (2) with the intent to commit the offense. The substantial step must be an act that strongly corroborates that the defendant intended to carry out the offense.

GOVERNMENT INSTRUCTION NO. 25
Bauer Pattern Instructions 4.09 (modified)

The term "official proceeding" as used in Count Two means the grand jury proceeding described in the indictment.

GOVERNMENT INSTRUCTION NO. 26
Bauer Pattern Instructions 4.01 (modified) and page 716 (instruction for 18 U.S.C. § 1512(c)(2))

A person acts "corruptly" if he or she acts with the purpose of wrongfully impeding the due administration of justice.

GOVERNMENT INSTRUCTION NO. 27
Bauer Pattern Instructions 4.01 (modified) and page 718 (instruction for 18 U.S.C. § 1512(c)(2))

If the defendant acted in good faith, then he lacked the willfulness required to prove the offense of perjury charged in Count One. A defendant acted in good faith if, at the time, he honestly believed the truthfulness of the testimony that the government has charged as being false.

A defendant does not have to prove his good faith. Rather, the government must prove beyond a reasonable doubt that the defendant acted willfully as charged in Count One.

**DEFENSE INSTRUCTION NO. 3**
**Bauer Pattern Instruction 6.10; *see also United States v. McKibbins*, 656 F.3d 707 (7th Cir. 2011) (Without showing of a willful, corrupt mens rea government cannot meet its burden of proving the intent element of the crime of obstruction).**

31

Count Two charges the defendant with attempted obstruction of justice, by making certain false or misleading statements in the grand jury. The topics about which defendant allegedly testified falsely are listed in separate subparagraphs alleged in Count Two.

The government is not required to prove that the defendant testified falsely as to each of the topics alleged in Count Two. However, the government is required to prove that the defendant testified falsely as to at least one of the topics alleged in Count One. To find that the government has proven this **beyond a reasonable doubt**, you must agree unanimously on whether a particular topic involved false testimony, as well as all of the other elements of the crime charged.

GOVERNMENT INSTRUCTION NO. 28
Bauer Pattern Instructions 4.04 (modified) **(with proposed defense modifications)**

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge and the evidence concerning each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

GOVERNMENT INSTRUCTION NO. 29
Bauer Pattern Instructions 4.06

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

GOVERNMENT INSTRUCTION NO. 30
Bauer Pattern Instructions 4.08

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, Blackberry, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson, or by one or more members of the jury, and you should identify yourself only by your juror number. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

GOVERNMENT INSTRUCTION NO. 31
Bauer Pattern Instructions 7.01 Jury Deliberations

Verdict forms have been prepared for you. You will take these forms with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict forms. Each of you will sign the verdict forms with your name and juror number. The verdict forms will be redacted and placed under seal.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdicts aloud.

GOVERNMENT INSTRUCTION NO. 32
Bauer Pattern Instructions 7.02 Verdict Form

37

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

GOVERNMENT INSTRUCTION NO. 33
Bauer Pattern Instructions 7.03 Unanimity/Disagreement Among Jurors

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

TIMOTHY MAPES

No. 21 CR 345

Hon. John F. Kness

## **<u>VERDICT FORM</u>**

On **Count One** of the indictment, we, the jury, find defendant Timothy Mapes:

☐  Not Guilty

☐  Guilty

If you checked "Guilty" as to **Count One**, please identify which of the following subparagraphs of Count One your guilty verdict is **<span style="color:red">unanimously</span>** based upon.

☐     [1]
      Q:  Okay. Did Mr. McClain, after he retired, kind of give you any insight into what his interactions with Mr. Madigan were that you weren't privy to personally?

      A:  No, that wouldn't—that wouldn't happen.

☐     [2]
      Q:  Okay. And Mr. McClain didn't—wouldn't tell you what he was discussing with Mr. Madigan or anything that he was doing on behalf of Mr. Madigan in that '17, '18, and '19 timeframe?

      A:  No.

[Count One verdict form continued on next page]

39

[3]

Q: Do you have any knowledge about whether or not Mr. McClain performed any sort of tasks or assignments for Mr. Madigan in [the] 2017 to 2018 timeframe at all?

A. I don't recall any.

[4]

Q: . . . Do you have any reason to think Mr. McClain was acting as an agent for Mr. Madigan after he retired in 2016, that is, doing work for him or carrying out assignments for him?

A: I'm not aware of any. I'm not aware of that activity. Let's put it that way.

[5]

Q: . . . [A]ll these questions are going to be for the 2017 through 2019 timeframe.

Do you recall anyone ever describing any work—anyone at all describing any work or assignments Mr. McClain was performing on Mr. Madigan's behalf?

A: I don't recall that—that I would have been part of any of that dialogue. I don't know why I would be.

Q: The answer is yes or no to that question. Do you recall?

A: No, I don't recall any of that.

[Count One verdict form continued on next page]

[6]

Q: . . . So one of the things we were trying to figure out, Mr. Mapes, is whether or not—kind of a key issue for us is whether or not Mr. McClain acted as an agent for Mr. Madigan in any respect, including that timeframe. We're talking about the 2017, 2018, 2019 timeframe. Are you aware of any facts that would help us understand whether or not, in fact, Mr. McClain acted as an agent or performed work for Mr. Madigan or took direction from Mr. Madigan in that timeframe?

A: I don't know who you would go to other than Mr. Madigan and Mr. McClain. Mr. Madigan, if he had people do things for him like I did things for him, was—didn't distribute information freely.

[7]

Q: Let's talk about 2017/2018 to the present, do you know Mr. McClain to have acted in any capacity as a messenger for Mr. Madigan to convey messages to and from him?

A: I'm not aware of any.

41

On **Count Two** of the indictment, we, the jury, find defendant Timothy Mapes:

☐     Not Guilty            ☐     Guilty

If you checked "Guilty" as to **Count Two**, please identify which of the following subparagraphs of Count Two your guilty verdict is **unanimously** based upon.

☐     [a]     Whether McClain told Mapes about McClain's communications with Madigan between 2017 and 2019

☐     [b]     Whether Mapes knew that McClain carried out work and assignments from and on behalf of Madigan between 2017 and 2019

☐     [c]     Whether Mapes knew that McClain had taken or intended to take action on Madigan's behalf between 2017 and 2019

☐     [d]     Whether McClain told Mapes about McClain's work assigned by and on behalf of Madigan between 2017 and 2019

☐     [e]     Whether Mapes knew that McClain received messages from Madigan and communicated messages on Madigan's behalf between 2017 and 2019

☐     [f]     Whether McClain told Mapes about messages that McClain received or communicated on Madigan's behalf between 2017 and 2019

☐     [g]     Whether Mapes knew that McClain communicated with Representative Lou Lang in 2018, including communications at the direction of Madigan

☐     [h]     Whether McClain told Mapes about McClain's communications with Representative Lou Lang in 2018, including communications at the direction of Madigan

☐     [i]     Whether Mapes knew that McClain communicated with Representative Bob Rita in 2018, including communications at the direction of Madigan

[Count Two verdict form continued on next page]

42

☐    [j]    Whether McClain told Mapes about McClain's communications with Representative Bob Rita in 2018, including communications at the direction of Madigan

☐    [k]    Whether Madigan gave any messages for Mapes to pass on to McClain between 2017 and 2018

☐    [l]    Whether McClain told Mapes about McClain's communications with members of Madigan's staff between 2017 and 2019

☐    [m]    Whether McClain told Mapes about any work he did for clients after McClain's retirement

☐    [n]    Whether Mapes had any knowledge of Madigan's impressions of Joe Dominguez

_____   _____
FOREPERSON

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

_____
Date

43