IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff, v. TIMOTHY MAPES, Defendant. | No. 21-cr-00345  Judge John F. Kness |

### ORDER

The motion of the United States (Dkt. 74) to exclude the proposed testimony of Defendant Timothy Mapes's expert, Dr. Dawn McBride, is denied. See accompanying Statement for details.

### STATEMENT

In preparation for the jury trial scheduled to begin on August 7, 2023, Defendant Timothy Mapes tendered a disclosure under Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure, stating that Defendant intended to call Dr. Dawn McBride as a proposed expert witness to testify about the processes of human memory. Defendant anticipates that Dr. McBride will testify about how humans store memories, factors that can prevent memories from being stored, common errors in memory recall, and how to aid a person in effectively recalling memories. (Dkt. 74-1.)

The government now moves to exclude Dr. McBride's testimony (Dkt. 74) and provides four reasons why Dr. McBride's testimony should be excluded. First, the government argues that Dr. McBride's testimony should be excluded under Rule 702(a) of the Federal Rules of Evidence because it "fails to add anything beyond general knowledge and threatens to commandeer the jury's role as factfinder." (*Id.* at 12.) Second, the government contends that Dr. McBride's testimony is not reliable and should thus be excluded under Rule 702(b)–(d) of the Federal Rules of Evidence. (*Id.*) Third, the government argues that Dr. McBride's testimony will waste time, add confusion, and is unnecessary. (*Id.* at 13.) Finally, the government contends that Defendant's expert disclosure did not comply with Rule 16(b)(1)(C) and thus should be excluded. (*Id.* at 15.) Each of these arguments is addressed in turn.

Rule 702(a)

As its first point, the government invokes Rule 702(a) as a basis for excluding Dr. McBride's testimony. Specifically, the government argues that Dr. McBride's testimony will not assist the jury because she will only address issues of which the jury is already generally aware. (Dkt. 74 at 5–6.) Rule 702 requires that the expert's "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Under *Daubert*, this Court must determine "whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993). It is uncontested that Dr. McBride is proposing to testify based on her scientific knowledge. At issue, then, is whether Dr. McBride's testimony will assist the jury in understanding or determining a fact in issue.

According to the government, Dr. McBride's testimony will not assist the jury because her testimony will address an issue of which the jury is already generally aware. (Dkt. 74 at 5–6.) To support this argument, the government cites to *United States v. Carter*, in which the Seventh Circuit affirmed the district court's decision to exclude an expert on the reliability of eyewitness identification in a bank robbery case. 410 F.3d 942, 950 (7th Cir. 2005). The government also cites *United States v. Libby*, 461 F. Supp. 2d 3 (D.D.C. 2006), in which the district court in Washington, D.C. excluded a memory expert because it would not assist the jury in evaluating the defendant's faulty memory defense. (Dkt. 74 at 7.)

Many cases addressing expert testimony on the issues of memory and recall deal specifically with the credibility of eyewitness identification. *See, e.g., United States v. Redwood*, 216 F. Supp. 3d 890 (N.D. Ill. 2016). The signal issue in this case relating to perjury, however, is different than issues of eyewitness credibility. Determining eyewitness credibility is uniquely within the province of the jury, and admitting an expert to testify to witness credibility invades that province. Admitting expert testimony in the present context, however, does not go to eyewitness credibility. Dr. McBride will not offer expert testimony about Defendant's truthfulness or the likelihood that Defendant sincerely did not remember the answers to the questions the government asked him. Rather, Dr. McBride will offer evidence that rebuts the government's suggestion that memory functions like a tape recorder, allowing the jury to weigh the competing evidence and decide which testimony and evidence to credit.

Moreover, Dr. McBride's testimony goes beyond what laypersons know about memory. Although the jury may understand from their lived experiences that memories fade or that people may have difficulty recalling certain facts, Dr. McBride's testimony goes beyond that common knowledge, explaining how memory is recalled and which factors make memory recall more or less likely. (Dkt. 88 at 5.) These facts are outside the average layperson's knowledge. To the extent the

government believes Dr. McBride's testimony is far afield from the issues at hand, the government may cross-examine Dr. McBride to that effect. And if Dr. McBride testifies to Defendant's credibility or that of any other witness, the government may object. But the Court declines to exclude Dr. McBride's testimony *ex ante* under Rule 702(a) because the Court finds that Dr. McBride's testimony will assist the jury in understanding or determining a fact in issue without invading the jury's province.

Reliability

Second, the government contends that Dr. McBride's testimony should be excluded under Rule 702(b)–(d) because it is not supported by reliable principles and methods. (Dkt. 74 at 12.) Specifically, the government argues that Defendant's disclosure does not connect the proposed topics of testimony to any particular research or analysis nor indicates that Dr. McBride ever evaluated Defendant. (*Id.* at 13.) Defendant disagrees and contends that Dr. McBride's testimony is based on her peer-reviewed publications and years of experience as a psychology researcher and professor. (Dkt. 88 at 14.) Because the *Daubert* standard is flexible and because Dr. McBride has an extensive peer-reviewed publication history and years of experience, the Court is unconvinced that Dr. McBride's testimony is unreliable and should be excluded. If the government takes issue with Dr. McBride's methodology, the government may address that point on cross-examination.

Rule 403

Third, the government invokes Rule 403 of the Federal Rules of Evidence and says Dr. McBride should be excluded because the probative value of her testimony is outweighed by the risk of prejudice, confusion, and burden on the Court's time. (Dkt. 74 at 14.) Under Rule 403, unless expertise "adds something, the expert is at best offering a gratuitous opinion, and at worst is exerting undue influence on the jury." *United States v. Hall*, 93 F.3d 1337, 1343 (7th Cir. 1996). Because the jury "will be familiar with the limits of memory and recall from their own experience and trial proceedings," the government argues, there is little probative value in Dr. McBride's testimony; allowing her to testify at trial thus will waste everyone's time. (Dkt. 74 at 14.) For the reasons discussed above, however, the Court disagrees that Dr. McBride's testimony is merely stating facts already known to the jury. Although the jury may have an understanding of how memory works based on their own experiences, Dr. McBride's testimony goes beyond merely stating that sometimes memories are not formed or are difficult to recall. Instead, Dr. McBride's proposed testimony seeks to explain how memories are formed and recalled and factors that make memory formation and recall more likely. (Dkt. 88 at 5–6.) Accordingly, the Court declines to exclude Dr. McBride under Rule 403.

Rule 16(b)(1)(C)

Finally, the government says that Defendant's failure to comply with Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure should result in the exclusion of Dr. McBride's testimony. (Dkt. 74 at 15.) Rule 16(b)(1)(C) governs the disclosure of expert witnesses. The government contends that Defendant's disclosure of Dr. McBride did not comply with Rule 16(b)(1)(C) because it did not include a complete statement of all opinions that Defendant will elicit from the witness in Defendant's case-in-chief and the bases and reasons for those opinions. (Dkt. 74 at 15.) The government also notes that Dr. McBride did not sign her disclosure as required by Rule 16(b)(1)(C)(v). (*Id.*) Defendant responds that Dr. McBride did not sign her disclosure because she was out of the country but will sign it upon her return. (Dkt. 88 n.1.) Defendant does not respond to the government's other Rule 16 arguments. Dr. McBride's missing signature on her expert disclosure is no basis to completely bar her from testifying, especially in view of Defendant's promise that Dr. McBride will sign the disclosure. This holding may be revisited at trial should Dr. McBride's signature continue to be absent. As for the government's contention that Dr. McBride's disclosure did not contain statements of all opinions that Defendant will elicit at trial, Dr. McBride will be precluded from testifying at trial as to opinions that are not fairly encompassed by her expert disclosure. But Dr. McBride is not wholly excluded from testifying on that ground. Counsel are directed to confer in advance of trial and attempt to narrow the scope of potential disputes at trial concerning whether given opinions were encompassed within Dr. McBride's expert report.

For the foregoing reasons, the government's motion (Dkt. 74) is denied.

SO ORDERED in No. 21 CR 345.

Date: August 1, 2023

_____
JOHN F. KNESS
United States District Judge

4