UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TIMOTHY MAPES | No. 21 CR 345<br><br>Hon. John F. Kness |

**GOVERNMENT'S MOTION TO QUASH TRIAL SUBPOENA FOR PROSECUTOR'S TESTIMONY**

The UNITED STATES OF AMERICA, by its attorney, MORRIS PASQUAL, Acting United States Attorney for the Northern District of Illinois, respectfully moves this Court to quash the subpoena served by defendant on Assistant U.S. Attorney ("AUSA") Amarjeet Bhachu.

On August 4, 2023, defendant served a subpoena for the testimony of AUSA Amarjeet Bhachu as a defense witness and has requested that AUSA Bhachu be excluded from the courtroom during the trial in this case. AUSA Bhachu is a supervisor in the Chicago U.S. Attorney's Office and a member of the prosecution team. Indeed, defendant has indicated that the testimony he intends to elicit from AUSA Bhachu involves actions taken by AUSA Bhachu in the investigation and prosecution of this case. As discussed below, defendant has not advanced a legitimate justification for calling government counsel as a witness at trial, let alone a compelling one. Therefore, defendant's request that AUSA Bhachu be excluded from the courtroom during trial should be rejected, and this Court should preclude defendant from calling AUSA Bhachu as a witness.

Here, defendant has not detailed the specific testimony he wishes to elicit from AUSA Bhachu. What he has said, however, indicates that he cannot show that any testimony AUSA Bhachu might offer would be vital to his case, or that the same or similar evidence is unavailable from any other source. In a submission to the U.S. Attorney's Office, as required by applicable regulations,[1] defendant stated that AUSA Bhachu's testimony is relevant because:

> Mr. Bhachu was the lead prosecutor who examined Mr. Mapes. The questions that were posed that the government maintains are perjurious were questions asked by Mr. Bhachu. Therefore, Mr. Bhachu was a witness to the testimony, and has important testimony to provide concerning (among other things) the witness, his answers, the setting, the circumstances surrounding the witness's testimony, and the materiality of the testimony provided by the witness.

Thus, it is clear that defendant seeks to have AUSA Bhachu testify about the grand jury proceedings. No such testimony would be relevant or proper.

First, under the advocate-witness rule, AUSA Bhachu is barred from "acting as both an advocate and a witness in a single proceeding" except under special circumstances. *United States v. Watson*, 87 F.3d 927, 932 (7th Cir. 1996); *Petrilli v. Drechsel*, 94 F.3d 325, 330 (7th Cir. 1996). AUSA Bhachu is a prosecutor and member of the prosecution team in this case; accordingly, he may not properly testify at trial

---

[1] 28 C.F.R. §§ 16.21 *et seq.,* commonly referred to as the *Touhy* regulations, named after *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), provide that no present or former employee of the Department of Justice may testify in response to a subpoena without obtaining prior approval by an appropriate Department official. Mapes' counsel submitted his request for approval on August 4, 2023, which included the relevancy statement documented in this Motion as required by 28 C.F.R § 16.22(c). *See* Justice Manual §1-6.000, *DOJ Personnel as Witnesses*, available at https://www.justice.gov/jm/jm-1-6000-doj-personnel-witnesses (last visited Aug. 6, 2023).

2

regarding events in which he participated including, as proposed here, his questioning of the defendant before the grand jury.

It is well recognized that the advocate-witness rule "is grounded in important and legitimate concerns with respect to the proper functioning of the adversary system." *United States v. Bin Laden*, 91 F. Supp. 2d 600, 623 (S.D.N.Y. 2000). Courts have also recognized that offensive use of the rule may actually "distort[] the adversary process." *Id.* For this reason, "[a] defendant who wishes to call a prosecutor as a witness must demonstrate a compelling and legitimate reason to do so." *United States v. Regan*, 103 F.3d 1072, 1083 (2d Cir. 1997). In other words, a party seeking the testimony of a prosecutor "must demonstrate that the evidence is vital to his case, and that his inability to present the same or similar facts from another source creates a compelling need for the testimony." *United States v. Watson*, 952 F.2d 982, 986 (8th Cir. 1991).

Here, defendant has failed to meet his burden of establishing a legitimate reason for calling AUSA Bhachu as a witness. The mere fact that AUSA Bhachu was present and participated in the proceeding does not make him a proper witness in this case. To the contrary, it is well settled that counsel for the government does not become a witness to an interview unless, among other things, he or she is the only witness to that interview. *Watson*, 87 F.3d at 932 (rejecting argument that "every AUSA who interviews a suspect is precluded from representing the government" in a proceeding against that suspect). The same principle applies in the context of the grand jury, where the questioning and answers are fully documented in a transcript

and audio recording. Here, AUSA Bhachu remains involved in the prosecution although he is not a member of the trial team; absent a compelling reason, there is no basis for calling a member of the prosecution team as a witness for the defense.

Defendant has provided no detail regarding the testimony he seeks to elicit. Nor has he offered any explanation for why he cannot present the same or similar evidence through other sources. The grand jury proceedings were fully documented in transcripts and audio recordings, and details regarding the "setting" of the proceedings are available from other witnesses, including the court reporter, who will be a government witness at trial and who was present for defendant's testimony. Government agents will testify, and may be cross-examined, regarding the materiality of defendant's testimony. It is unclear what defendant means by the vague term, "circumstances surrounding the witness's testimony"; in any event, there are no circumstances relevant to the case concerning which only AUSA Bhachu could testify. Indeed, it is reasonable to assume that defendant himself – or one of his attorneys – is capable of testifying regarding any relevant "circumstances" surrounding his grand jury testimony. *Cf. Williams v. Florida*, 399 U.S. 78, 84 (1970) ("That the defendant faces ... a dilemma demanding a choice between complete silence and presenting a defense has never been thought an invasion of the privilege against compelled self-incrimination."); *United States v. Lewis*, 641 F.3d 773, 785 (7th Cir. 2011) ("Just because [the defendant] would have had to take the stand to present his theory of the defense does not mean he was penalized for not doing so.").

Thus, defendant has not established a legitimate need—much less a compelling one—for any testimony by AUSA Bhachu. *Cf, United States v. Roberson*, 897 F.2d 1092, 1098 (11th Cir. 1990) (finding no "compelling need" when defendant "made no effort to subpoena anyone other than the AUSA" and there were other witnesses available); *United States v. Ross*, No. 05 CR 398, 2007 WL 2571620, at *20 (E.D. Pa. Aug. 31, 2007) (denying disqualification motion because "[t]he presence of alternative witnesses undermines the compelling need for the testimony of an advocate").[2]

Defendant's recent filings with respect to the admission of certain portions of the grand jury transcript indicate that defendant's purpose in calling AUSA Bhachu as a witness may be to attempt to support a claim of improper or unfair conduct on the part of the government in connection with the grand jury proceedings. Specifically, defendant has suggested that it was somehow incumbent on the government to provide defendant with a list of topics and a preview of the government's evidence in advance of his grand jury appearance, and that the government's failure to do so was improper or unfair and caused defendant's false testimony. Defendant's desire to call AUSA Bhachu as a witness in an effort to advance such a claim before the jury is not legitimate. As an initial matter, misconduct by government agents is not a defense. *Cf. United States v. Smith*,

---

[2] The Seventh Circuit recently upheld the Justice Department's decision not to permit a prosecutor to sit for a deposition in a civil case, because the agency had reasonably construed applicable *Touhy* regulations. *St. Vincent Med. Grp., Inc. v. U.S. Dep't of Just.*, 71 F.4th 1073, 1076 (7th Cir. 2023) ("[Appellant] points us to no case when a federal court has compelled a federal prosecutor to sit for a civil state court deposition. This will not be the first.").

5

792 F.3d 760, 765 (7th Cir. 2015) (citing *United States v. Hasting*, 461 U.S. 499, 103 S.Ct. 1974 (1983) (stating that "we are not to reverse convictions in order to punish prosecutors")). To the contrary, claims of government misconduct are not relevant to the defendant's guilt or innocence and present legal issues to be decided by the Court, not the jury. Evidence and argument regarding the motives of government agents are irrelevant and therefore not a proper topic at trial.

The government respectfully requests that the Court quash defendant's trial subpoena directed to AUSA Amarjeet Bhachu.

        Respectfully submitted.

        MORRIS PASQUAL
        Acting United States Attorney

By:   /s/ *Julia K. Schwartz*
        DIANE MacARTHUR
        JULIA K. SCHWARTZ
        Assistant United States Attorneys
        219 South Dearborn Street
        Fifth Floor
        Chicago, Illinois 60604
        (312) 353-5300