**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES** ) | |
| ) | **No. 21 CR 345** |
| **v.** ) | |
| ) | **Judge John Kness** |
| **TIMOTHY MAPES** ) | |
| ) | |

**DEFENDANT TIM MAPES'**
**MOTION TO STAY PROCEEDINGS**

Defendant Tim Mapes hereby moves this Court for an order staying further proceedings in this action, including ruling on pending post-trial motions and sentencing, pending the resolution by the United States Supreme Court of *James E. Snyder v. U.S.*, Case No. 23-108. A decision in *Snyder* is expected in or around June 2024. Last week, the United States Supreme Court granted *certiorari* in *Snyder*, a case that is anticipated to impact legal issues underpinning this case. Therefore, a stay of this action will serve the orderly administration of justice. Mr. Mapes will suffer substantial hardship if he is required to litigate post-trial motions, and proceed to sentencing, based on issues which the Supreme Court is currently considering in *Snyder*, and which, depending on the outcome in *Snyder*, may require re-litigation and re-sentencing. Said differently, if the Supreme Court were to upend Seventh Circuit precedent on the federal bribery statute, it would likely have direct relevance to the perjury and obstruction allegations in this case. The government's investigation was about the alleged bribery of Speaker Madigan by executives at

ComEd. If the Supreme Court limits the federal bribery statute in *Snyder,* that will likely have an enormous effect on, among other things, questions of materiality that this Court is considering or, at the very least, calculations concerning sentencing. In contrast, the Government will not be harmed by a relatively brief stay while the Supreme Court considers *Snyder* in the coming term.

## I.       Legal Standard

It is well-established that a district court has discretionary power to stay proceedings before it. *Landis v. North Amer.Co.,* 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) (A district court "has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues."). A decision regarding a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-255. A pending matter that may impact the legal issues underlying a case provides valid basis for a stay. *See Mediterranean Enters. Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (the court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."). A pending Supreme Court decision, where certiorari has been granted, on a legal issue that would impact the outcome of the case provides ample basis for the granting of a stay. *See Chowdhury v. Worldtel*

*Bangladesh Holding, Ltd.*, 746 F.3d 42, 47-48 (2d Cir. 2014) (holding in abeyance the resolution of an appeal pending Supreme Court ruling on another case involving the same statute).

In determining whether to issue a stay, a Court must weigh the possible damage that may result from granting a stay, the hardship or inequity which the party must suffer in being required to go forward, and the orderly course of justice including simplifying or complicating of issues, proof, and questions of law that could be expected to result from a stay. *Landis*, 299 U.S. at 254-55. All of those factors weigh toward granting a stay here.

## II.   Argument

Tim Mapes was charged with perjury and obstruction of justice stemming from his testimony before the Special January 2019 Grand Jury. In the words of the Government in Mr. Mapes' indictment, that Grand Jury was investigating whether Michael McClain sought "to obtain for others private jobs, contracts, and monetary payments from ComEd, in order to influence and reward Public Official A in connection with Public Official A's role as Speaker of the Illinois House of Representatives." Count 2 of Indictment, at Section 1(e). Mr. Mapes was charged with lying about his knowledge of Mr. McClain's interactions with Mr. Madigan regarding these topics.

Throughout this case, there was no evidence that Tim Mapes had any knowledge of any bribery in which Mr. McClain, Mr. Madigan, or anyone else engaged in a *quid pro quo*, trading action by Madigan for favors or payments. Similarly, in

*U.S. v. Michael McClain et. al.*, a separate criminal case in which Mr. McClain was charged and convicted along with three other defendants, there was also no evidence presented regarding any *quid pro quo* bribe.

Rather, the Government's theory—in the Grand Jury, in Mr. Mapes' prosecution, and in Mr. McClain's prosecution—was that ComEd and others made payments or benefits in the hope of "infuenc[ing] and reward[ing]" a government official. *See Mapes Indictment,* p.8.

Whether that "gratuity" theory of bribery is, in fact, criminal, is the legal question at issue in *Snyder.* Specifically, the Supreme Court has taken up the question of specifically, "whether Section 666 criminalizes gratuities, *i.e.*, payments in recognition of actions the official has already taken or committed to take, without any *quid pro quo* agreement to take those actions." *Snyder,* Pet'n for Certiorari at I (August 1, 2023) (attached hereto as Exhibit A).

This Court should stay all proceedings in this matter, including any decision on pending post-trial motions, and sentencing proceedings, until the Supreme Court issues a decision in *Snyder,* because *Snyder* has significant implications for this case. In the event the Court concludes that 18 U.S.C. §666 criminalizes only *quid pro quo* bribery and not gratuities, it would be fatal to the verdict in this case.

The purpose of a special grand jury, like the one that indicted Tim Mapes, is to "inquire into offenses against the criminal laws of the United States alleged to have been committed within that district" 18 U.S.C. §3332(a). By the government's own description, the Special January 2019 Grand Jury was investigating, and ultimately

4

charged McClain and others, with conduct that consisted *solely* of the sort of "gratuity," non-*quid pro* quo conduct that is at issue in *Snyder*.

If the Supreme Court determines that this sort of conduct is not criminal under 18 U.S.C. §666, then the Grand Jury's investigation did not pertain to criminal activity, and whatever Mr. Mapes testified to regarding those topics in the grand jury cannot constitute obstruction of justice. One of the elements of obstruction of justice is materiality. If the very matters that the grand jury was investigating were not criminal, then Mr. Mapes' testimony could not have been material. Materiality presumes that it is capable of interfering with or impeding a grand jury's work. If the grand jury itself was investigating non-criminal matter, then any testimony from Mr. Mapes could not have interfered or impeded its charge to "inquire into offenses against the criminal laws." 18 U.S.C. §3331.

At the very least, a ruling in *Snyder* that gratuities do not violate Section 666 would require a new trial for Mr. Mapes. The jury would be entitled to know, and the defense entitled to argue, that the alleged bribery being investigated by the government was not, in fact, illegal conduct, and therefore that Mr. Mapes' allegedly obstructive testimony could not have been material. If in fact the Supreme Court determines that the actions described by the government as being "criminal" were not, then the jury's verdict, coming after an incorrect statement of the law and legally improper argument, would necessitate a new trial.

The Supreme Court's pending ruling in *Snyder* also has significant implications for sentencing in this case. The Sentencing Guidelines regarding

obstruction of justice instruct that "if the offense involved obstructing the investigation or prosecution of a criminal offense, apply §2X3.1 (Accessory after the Fact) in respect to that criminal offense, if the resulting offense level is greater than that determined above." Federal Sentencing Guidelines Manual § 2J1.2. The government's version of the offense invokes this provision, arguing that "Pursuant to Guideline §§ 2J1.2(c), 2J1.3(c), because the offense involved the investigation or prosecution of a bribery offense for which the resulting offense level is greater, Guidelines § 2X3.1(a)(1), and 2C1.1(a)(2) apply, resulting in a base offense level of 6." Gov't. Version at p. 7-8, attached as Ex. B. The Supreme Court's determination of whether, in fact, the investigated and prosecuted "bribery offense" is actually criminal conduct therefore has direct implications for Mr. Mapes' sentencing and a determination of the appropriate guideline range.

Given these significant impacts of the pending *Snyder* ruling on the issues underpinning this case, the balance of factors favors strongly toward a stay of these proceedings. The hardship to Mr. Mapes would be acute: he would be compelled to spend resources in continuing to brief post-trial motions and preparing for sentencing, would experience the hardship of going through sentencing and potentially even beginning to serve a term of imprisonment, only to have to go back to the starting line and do it all over again once *Snyder* is decided in just a few months. By contrast, the harm to the Government from a stay is nil. The Supreme Court's decision is expected fairly shortly, and this stay will be of limited duration. Even if the ruling in *Snyder* validates the Government's theory of the law of bribery,

there will be no meaningful hardship to the government in hitting the pause button and resuming the briefing of post-trial motions and preparation for sentencing for a few months. Rather than proceeding with sentencing and then potentially re-litigating those issues after a decision by the Supreme Court next June, it would be a more efficient use of judicial resources to stay these proceedings until after the Court makes its determination.

***

For the foregoing reasons, Defendant Tim Mapes respectfully requests a stay of all proceedings in this matter, including resolution of the pending post-trial motions and any sentencing proceedings, until the Supreme Court issues its decision in *Snyder*.[1]

Dated:    December 18, 2022        Respectfully submitted,

                                   /s/ Kathleen Hill
                                   Andrew C. Porter
                                   Kathleen Hill
                                   Sarah L. Bakker
                                   SALVATORE PRESCOTT PORTER & PORTER
                                   1010 Davis St.
                                   Evanston, IL 60201
                                   aporter@sppplaw.com
                                   hill@sppplaw.com
                                   bakker@sppplaw.com
                                   (312) 283-5711

---

[1] The parties have met and conferred and the government has expressed opposition to the present motion.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2023, I caused copies of the foregoing to be served on all counsel of record by electronic mail.

*/s/*Kathleen Hill

One of the Attorneys for Tim Mapes