UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

UNITED STATES OF AMERICA

                              Plaintiff,

v.                                                           Case No.: 1:21−cr−00345
                                                           Honorable John F. Kness

Timothy Mapes

                              Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, February 2, 2024:

      MINUTE entry before the Honorable John F. Kness as to Timothy Mapes: Before the Court is Defendant Timothy Mapes's Motion to Stay Proceedings [135], in particular his upcoming sentencing hearing. Defendant was indicted after testifying at a grand jury proceeding investigating an alleged illegal scheme involving Michael Madigan, a former Illinois public official, who has been charged and is awaiting trial in a separate case before another judge of this District. (Dkt. 2.) On August 24, 2023, a jury found Defendant guilty of perjury in violation of 18 U.S.C. § 1623(a) and obstruction of justice in violation of 18 U.S.C. § 1512(c)(2). (Dkt. 125.) Defendant has since moved to stay the proceedings in this case, citing the Supreme Court's recent grant of certiorari in James E. Snyder v. United States (No. 23−108). (Dkt. 135.) In Snyder, the Supreme Court will consider whether 18 U.S.C. § 666(a)(1)(B) criminalizes gratuities "without any quid pro quo agreement to take those actions." (Id. at 4.) Defendant argues that Snyder has "significant implications" in this case, because one of the Government's theories concerned grand jury testimony of "conduct that consisted solely of the sort of 'gratuity'... that is at issue in Snyder." (Id. at 45.) Defendant argues that his testimony was "material" to the bribery charges brought separately against Mr. Madigan. (Id. at 5.) According to Defendant, if the Supreme Court holds in Snyder that gratuities cannot support a conviction under § 666(a)(1)(B), then Defendant's testimony about the bribery charges could not have been material. (Id.) Defendant contends that this chain of reasoning justifies a stay here. (Id.) This Court, however, disagrees. To begin, Defendant was not convicted of bribery; he was instead found guilty of perjury and obstruction of justice, two crimes that involve statutes entirely different from the statute at issue in Snyder and in the case against Mr. Madigan. (Dkt. 137 at 1; see also United States v. Madigan, No. 22−cr−115 (Dkt. 91) (Blakey, J.).) Second, Mr. Madigan was also charged with other offenses, including racketeering conspiracy, honest services fraud, attempted extortion, and use of a facility to promote racketeering. (Dkt. 137 at 1.) Defendant's false testimony is still material to each of those counts, which have nothing to do with § 666. Third, in United States v. Holden, 70 F.4th 1015 (7th Cir. 2023), the Seventh Circuit explained that a false statement may still be material even if the constitutionality or interpretation of the underlying statute is in question. Although Holden did not consider the question whether to stay a sentencing hearing, its reasoning applies here: Defendant's false testimony may still be material even if the Supreme Court in Snyder alters the § 666 landscape. Fourth, a new trial would not,

as Defendant suggests, be warranted following a reversal in Snyder. (Dkt. 135 at 5.) Defendant's jury was never instructed on § 666 (Dkt. 127); accordingly, there could not have been an "incorrect statement of law," nor could there be any need for a new trial, if the jury that rendered the verdict in Defendant's case was never instructed on § 666. Fifth, and finally, because the Government did not rely on a gratuity theory here, Defendant's concern that Snyder will affect Defendant's sentencing is misplaced. For these reasons, Defendant's Motion to Stay Proceedings [135] is denied, and the case will proceed to sentencing on February 12, 2024. Defendant's other post trial motions will be addressed by separate order. Mailed notice. (exr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.